will hear argument next in Forrester v. Corizon Health. 17-3592. May it please the court. New York is the largest employment market in the world. New York City has been a leader in employment law for many, many decades. In fact, passing an anti-discrimination law a full 20 years before the Civil Rights Act was passed. And New York City has a right to pass a statute dictating that if you have severe diabetes and you need a little time, extra time, to get into work in the morning, you can do so free from fear that you'll be terminated because of your disability. This court has recognized time and time again in Loeffler... Would you deal with the collateral estoppel issue? Yes, Your Honor. Collateral estoppel cannot apply to the most contested ground in any adverse employment action claim. As the First Department has ruled in Bennett, which there can be no question is good law now that the City Council and the Mayor have taken the extraordinary step of amending the statute to explicitly acknowledge Bennett as good law, to quote Bennett, the identification of the framework for evaluating the sufficiency of the evidence in discrimination cases does not in any way constitute an exception to Section 8-130 rule that all aspects of the City H.R.L. must be interpreted so as to accomplish the uniquely broad and remedial purposes of the law. In any event, for us to create an exemption from the sweep of the Restoration Act for the most basic provision of the City H.R.L., that it's unlawful to discriminate, would impermissibly invade the legislative province. And walling off from examination the doctrines that are appropriate to shape the presentation and evaluation of evidence that discrimination has occurred would create just such an exemption. So the fatal error in the court below is that instead of applying the lessened substantive standard required under the human rights law within the general analytical framework of McDonnell-Douglas or alternatively the mixed motive, the court below merely said I gave you the benefit of the doubt, I gave you mixed motive, that's good enough, you cannot attack the sufficiency of the evidence as to causation. And in Bennett, the First Department made explicit that at the last stage of McDonnell-Douglas, the pretext burden is lessened. Instead of having to prove the rationales false in toto, you merely need to show that one of the many rationales thrown against the law is false, misleading or incomplete. Likewise, in mixed motive under the City law, whether we call it mixed motive or partial discrimination, there is no initial threshold requiring that you have some sort of smoking gun or thick cloud of smoke, whatever the nomenclature  is. And, Your Honors, if you're looking for a narrower ground to overturn this case, that's very easy. And it's something that isn't addressed in Millione or any of the cases cited in the opposition brief. Because this is a disability accommodation case, and because the City law explicitly by statute allocates the burden of proof as to the reasonability of an accommodation is an affirmative defense on to the defendant instead of the element of plaintiff's claim, and defendant didn't even plead it, then evidence that was discarded in Forrester 1 is insufficient to prove causation under mixed motive, namely, that plaintiff's disability-related absence influenced a poor performance review, which was then relied on in the — in her demotion. That's a direct line from her disability to her demotion. The lower court said, well — Sotomayor, did you make this argument to Judge — this precise argument to Judge Blumenthal specifically? This is one of the premier arguments I made. And because the burdens — what the court below said is, yes, but employers aren't required to tolerate chronic absenteeism. Well, the court of appeals has said in Rome — and in effect, because it's a matter of law, it's an unreasonable accommodation to be chronically tardy. But under the City law, as the court of appeals has ruled in Romanello v. Entesso-Sao Paulo, there is no per se unreasonable accommodation, and that's because plaintiff doesn't have to show the accommodation was reasonable or that they could perform the job reasonably, whether we think that's a good idea as a matter of writing the statute. Instead, the defendant has to prove it's unreasonable by fulfilling the affirmative defense that it would impose an undue hardship. And so that evidence that can be discarded for Federal claims cannot under the City claims. This argument was raised in the brief. Does that really matter when the thing in issue is not showing up for work on time many, many, many, many times? It doesn't matter whose burden it is to prove that. It's — if you're not there, you're not doing the job. Well, Your Honor, because it — the reason it's relevant is that that is causation. There are a lot of cases about the line between when do you need to accommodate an employee by letting them come late or be absent, you know, so often, and when does it, you know, tip the balance into you're chronically absent. It doesn't redound to whether you're qualified for the job. It's whether the accommodation is reasonable or whether you can perform the job reasonably. So that's why I think the burden shifting is relevant. Well, but my — the point of my question is to say that if you say the burden is on the defendant to show that this was unreasonable, why isn't it shown here? Because they didn't need — because it's an affirmative defense, and they didn't even plead it. And it would be improper to grant — even if they did plead it, I think it would be improper to grant summary judgment on those grounds. It's an affirmative defense. All right. Well, I think they would need really overwhelming evidence, and they would need to show that as a matter of law, under the city law, that she was so chronically absent. And frankly, there's a big dispute of fact if you look back into the briefs — not the briefs, the decision in Forrester 1 as to how often was she absent, because at some point in time she's supposed to get there at 8, and then 9, and there's something called flex time because there's 24-hour coverage. So it's not as simple as saying she had a specific time to come in and she had to be there. There is definitely a dispute of fact. It's pretty muddy waters there. And here, there's another little nugget of evidence that I think very clearly tips the balance, which is that when Plaintiff was demoted, the — she made a complaint that it was discriminatory to HR and the person who demoted her. The person who demoted her went to the head of HR, said, I'll take care of it. No investigation was conducted. Instead, the demoter just filed off a letter and said, oh, you want a reason? Here's why you were demoted. And under the city law, as Bennett has said, because the Restoration Act of 2005 changed it from an ordinary civil statute aimed at compensating victims of discrimination into a quasi-criminal statute aimed at deterring wrongdoing, evidence of consciousness of guilt carries more weight under the city law. And if you have nothing to hide,  why wouldn't you interview anybody? Why wouldn't you conduct — gather any documents or conduct any sort of investigation at all? That itself should also tip the balance. Mr. Halpern. Good morning, Your Honors. Jacob Halpern on behalf of Korizon. We ask the Court respectfully to affirm the order of the district court granting summary judgment. What I've heard so far today is that counsel wants a do-over. There were three separate tribunals that considered the evidence, the magistrate judge, the district judge, and another panel of the Second Circuit. Each of those tribunals considered a voluminous record and found there was absolutely no dispute of fact and that the evidence collectively and individually could not support any finding of discriminatory motivation or retaliatory motivation on behalf of Korizon. That's already been decided. It is not disputed. Now, moving ahead to Forrester 2, this case, the Court reviewed that, reviewed the standards of the federal statute under the ADA and the CHRL, and determined that the finding that there was no evidence that could support discriminatory motivation stopped any further claim because that was a necessary element of plaintiff's CHRL claims. Go back half a step, if I remember correctly. The number of absences that she had, in fact, is disputed in the record. Is that right? It is disputed only in attorney colloquy, Your Honor. First of all, I understand your question and I will answer it. That doesn't matter for collateral estoppel because Judge Garifuss did not have much evidence that she wished on that subject. But what Judge Garifuss did is reviewed the record, looked at all of plaintiff's time cards, because this wasn't he said, she said. She's punching in and punching out every day. She has to report every time she is late for a specific reason, including her diabetes, and for FMLA use, which she had and was using at that time. I didn't review the record for the three-day termination. Am I right about that? I'm sorry, Your Honor? He did not review the record in regard to when she was terminated for three days, the earlier termination. So, Your Honor, some of that evidence was presented by plaintiff in support of their claims of pretext and of mixed motive discrimination on the other issues. But as — in and of itself as a sole adverse action, in Forrester I, the district court did not review that. However, in Forrester II, the district court did review the evidence related to that claim under the CHRL and, again, found that there was no evidence that could support a finding of discriminatory motivation that had been presented by plaintiff. I'm not clear that I understand how you respond to the contention that the standard is so different under the city law. Because it's not, Your Honor. So the first thing is plaintiff has for the first time raised before this court an argument about affirmative defenses and what the standard is under the ADA versus the city law. It was not raised in the district court, the proposition that — It wasn't raised in the briefing before this court, Your Honor. So this is a waived issue at this point. What we do have is — So I asked that question and your colleague said he did. So you're saying — you're disputing that. So, Your Honor, that's a different issue than discriminatory motivation. And what we have is discriminatory motivation being a requirement under both statutes. And that makes sense, of course. These are statutes to stop discrimination. So we go through in our brief, because identity of issue is required under collateral estoppel. And under both Federal law and the city law, there is a requirement for discriminatory motivation under both laws. Plaintiff's position is, under the city law, you can never apply collateral estoppel because of the Restoration Act, because of the liberal standard. And there are certainly areas under the city law that are interpreted differently than under the Federal law. But one that is not is the discriminatory motivation. And why do we know that? We know that because the standards themselves are the same. And in our brief, we compare them. They are the same requirements under each portion of plaintiff's claim. And we know that because the entire body of law before New York courts — and these are all cases since the Restoration Act and since Bennett, the sole case you've heard about from plaintiff was decided — they all find that not only can you apply collateral estoppel to city law claims based on prior Federal decisions when the facts are relevant, but then, in fact, the issue that it is appropriate is discriminatory motivation. And we cite all these cases in our brief, and in fact, two recent cases that were just decided in the past few months, that all apply this standard to city law. If plaintiff was correct, that couldn't happen. But instead, the New York courts are all applying it. And they apply it to mixed-motive claims. In fact, Emanuel, one of the recent cases that we located recently, says that even in a burden-shifting framework, a finding of no discriminatory motivation can be applied to the mixed-motive claim under city law. And that makes sense, because if you look at the body of law under New York, you still need to come forward with some affirmative evidence of discriminatory motivation by the employer. If you cannot do that under a summary judgment standard, you simply cannot do that. If there's no indicia of any discriminatory motivation whatsoever, what the cases tell us is that it's dispositive of any theory that plaintiff can put forth under the CHRL. Now, I could address the facts related to the allegations of chronic absenteeism, but quite honestly, the record is quite voluminous, and they weren't really brief before this Court. What is important is that Judge Garifuss's finding was that disability, and that's the finding that needs to be applied through collateral estoppel if you even get to specific factual issues. But again, I respectfully submit that that's not necessary under the collateral estoppel law. Thank you very much. Thank you, Your Honor. Mr. Bernstein. Your Honor, if I just lied to you, I should be stripped of my ability to practice before the circuit, but I didn't, and it's on page 33 through 34 of the brief, and I take offense that opposing counsel has claimed that I didn't raise this issue in the brief. The allocation of who has to bear the burden of reasonable accommodation is absolutely raised on page 33 of the brief. But more importantly, what you didn't hear in opposing counsel's presentation is an answer to Judge LaValle's question as to how's the standard different. Instead, the answer is the standard's the same. Really? Full decade after the Restoration Acts passed, we're still saying the standard under the city law is the same? It's not just Bennett I'm relying on. Is it correct that the plaintiff must show that the conduct was of had a discriminatory motivation? Oh, of course. Otherwise, it would give you a cause of action just because you're really the only element in an adverse employment action claim. That's the whole ball game, Your Honor. So if we're saying that's the same as under Federal law, we've just exempted adverse employment action claims from the sweep of the Restoration Act completely. And that's why this case is deserving of your ink. This is an important case that needs to vindicate an important right and concerns an important principle of law. And First Department cases have explicitly articulated the lower standards under McDonnell-Douglas or under mixed motive. And those lowered standards go unaddressed and unrebutted in the decisional blow and in opposing counsel's brief. What's happening here is people are putting their fingers in their ears and saying, sure, you changed the law, collateral estoppel, collateral estoppel, collateral estoppel. The best-case scenario for defendant is that the cases relied on in their brief are wildly at variance with the other appellate authority, like Bennett, like Cadet Lagros, like Watson. It's at variance with Judge Forrest's decision that's quoted below and Judge Preska's decision quoted below about the distinctions between the laws. There is a difference. People in New York have a right to vote who they want into office and to pass their own laws. And that's what this case is about. And so I would just ask, Your Honors, to look at this case and to think about whether a summary order is appropriate or a full opinion is appropriate, regardless of whether we win or lose. It's an important case, and there's a lot of gray area and chaos in this area of the law. And I think a definitive answer from the Second Circuit is needed. Thank you. Thank you very much. We'll reserve the decision.